*Decision will be entered unler Rule 50.*

WALTER J. BAER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7878. Promulgated May 28, 1946.

*Osmond K. Fraenkel, Esq.*, for the petitioner.
*Thomas R. Charshee, Esq.*, for the respondent.

#### OPINION.

BLACK, *Judge*: The Commissioner has determined a deficiency in petitioner's income tax for the year 1941 of $6,070.48. The deficiency

is due to an addition to the net income reported on the return filed by petitioner of "partnership income" of $31,092.75. Against this addition of income respondent has allowed petitioner additional deductions for taxes amounting to $11,633.01. The Commissioner explained this latter adjustment in his deficiency notice as follows:

Taxes paid during the year 1941 to the Zurich Kantonal Government in the amount of $11,633.01, not claimed on your return, has been allowed as a deduction.

The petitioner alleges that respondent erred as follows:

a) A finding that during the entire year 1941 petitioner was a resident of the United States.

b) The inclusion of petitioner's share of the net profit of the firm of Julius Baer & Company of Zurich, Switzerland, for the entire year 1941.

We adopt the facts as stipulated as our findings of fact. They may be summarized as follows:

The petitioner is an individual and duly filed his income tax return for the year 1941 with the collector of Internal Revenue for the second district of New York. This return was filed in the name of Walter J. Baer, whose address was given as "c/o Baer Custodian Corporation, 67 Wall Street, New York, New York." It was signed by Ellen Baer, as attorney in fact for petitioner, and was filed on or about March 15, 1942. In this income tax return petitioner claimed a personal exemption as head of a family and credit for dependents based upon the status of a resident alien for the entire year. This claim for personal exemption has been allowed in full by the Commissioner in his determination of the deficiency.

The petitioner, during the taxable year, as well as at the present time, was a citizen of Switzerland and prior to October 1940 resided at Zurich, Switzerland. During the taxable year he was a member of the partnership of Julius Baer & Co., Zurich, Switzerland.

On October 30, 1940, petitioner, together with his wife and four sons, came to the United States under the immigration quota. On his application for immigration visa he stated "That my purpose in going to the United States is immigration, and I intend to remain permanently."

On November 30, 1940, petitioner wrote a letter to the Department of Justice, Washington, D. C. In this letter, which was written after his arrival in the United States, petitioner stated that it was the intention of his brother and himself to establish the banking house of Julius Baer & Co., a partnership, of Switzerland, in the United States and that because of this and world conditions at the time it would be necessary for him to return temporarily to Switzerland, probably for several months only.

Petitioner resided in New York City, together with his family, from

October 30, 1940, to July 12, 1941, on which latter date he and his family left the United States for Zurich, Switzerland. On April 23, 1941, he took out his first papers, indicating an intention of becoming an American citizen.

Upon his departure for Switzerland petitioner obtained a reentry permit which was good for one year, but was not used. In his application for reentry permit, dated June 25, 1941, petitioner stated his address in the United States was 12 East 86th Street, New York City; that his temporary address abroad would be Zurich, Switzerland; that his proposed absence would be one year; and that his reason for going abroad was "business."

On March 23, 1942, petitioner executed an application for a six-month extension of reentry. In this application petitioner stated that it was his intention to return to the United States for a further residence as soon as possible. It has been stipulated that "subsequent to his departure in July, 1941, petitioner maintained no domicile or place of business in the United States and has continuously remained in Switzerland since his departure from the United States in 1941."

In the statement attached to the notice of deficiency the Commissioner has allowed as a deduction the amount of $11,633.01 as taxes paid during the year 1941 to the Zurich Kantonal Government, based upon his determination that the petitioner was a resident alien during the entire year 1941. If the Court should hold that the petitioner was a resident alien from January 1 to July 12, 1941, and a nonresident alien from July 13 to December 31, 1941, then only $5,945.02 of the above stated amount of $11,633.01 should be allowed as a deduction, since said amount of $5,945.02 represents the amount of taxes paid to the Zurich Kantonal Government from January 1 to July 12, 1941, and the remaining amount of $5,687.99 represents the amount of taxes paid to the Zurich Kantonal Government from July 13 to December 31, 1941.

Petitioner does not deny that he became a resident alien when he, his wife, and his four children came to the United States in October 1940 under the immigration quota laws of the United States. He concedes that he remained a resident here until July 12, 1941, when he and his family departed for Zurich, Switzerland, under the circumstances detailed in our findings of fact. He claims, however, that from the time of his departure on the date mentioned he ceased to be a resident of the United States. Therefore, his share of the income of the banking firm of Julius Baer & Co., Zurich, Switzerland, after July 12, 1941, is not taxable income to him because it was income of a nonresident alien earned without the United States. The amounts of income are not in dispute.

Respondent contends that, although petitioner and his family departed from the United States July 12, 1941, and remained in Switzerland throughout the remainder of the year and have remained there since, nevertheless, petitioner and his family were residents of the United States when they departed and that there is nothing to show that they intended to change their residence from the United States to Switzerland during the taxable year, but that, on the contrary, the facts show that at least during the taxable year 1941 petitioner intended that the stay of himself and family in Switzerland should be temporary.

We think the facts, which have all been stipulated, support respondent. The income of a resident alien of the United States. wherever earned, is taxable to him in the United States. See *Federico Stallforth*, 30 B. T. A. 546. Therefore, if petitioner was a resident of the United States throughout the year 1941, then his entire income from the Partnership of Julius Baer & Co. of Zurich, Switzerland, must go into his gross income. Petitioner concedes this, but, as we have already stated, he contends that his residence in the United States terminated July 12, 1941. Place of residence is a question of fact. Mertens Law of Federal Income Taxation, vol. 8, sec. 45.09, under the heading "Factors in the Determination of 'Residence,'" says:

A person's residence, when established, is presumed to continue until shown to be changed. * * * In answering questions of residence it is necessary to consult the person's declarations, conduct, character, temperament, and all other facts which may throw light upon what his intention really was. Some of the many factors which have evidentiary bearing are: The place where the taxpayer's children are given their education, whether the individual is joined by his family, statements made to immigration authorities to secure re-entry permits, and those made in a will in which the taxpayer had described himself as "a resident of Westchester County, N. Y." * * *

It must be kept in mind that "residence" and "domicile" have different meanings in the law. In Mertens Law of Federal Income Taxation, vol. 3, sec. 19.31, it is said:

The words "residence" and "domicile" are often confused; a person may have several places of residence, but only one domicile. Any temporary place of abode may be a residence, but a domicile is a place of abode fixed and permanent or, at least, of indefinite duration. * * *

If, in the instant case, the issue were one of domicile, we would not hesitate to find in favor of the petitioner because, as we have already stated, it has been stipulated that "subsequent to his departure in July, 1941, petitioner maintained no domicile * * * in the United States." That would end the matter so far as "domicile" is concerned. But it has not been stipulated that subsequent to his departure petitioner maintained no "residence" in the United States. The issue

which we have to decide is whether petitioner was a "resident" of the United States for the entire year 1941 and not whether he was domiciled in the United States.

We have summarized in the first part of our opinion herein the facts which have been stipulated showing the establishment of petitioner's residence in the United States in 1940 and the circumstances of petitioner's departure for Zurich, Switzerland, in the summer of 1941. We fail to see where any of these facts are sufficient to overturn the correctness of the Commissioner's determination that throughout the year 1941 petitioner was a resident of the United States. On the contrary, these facts seem to show that when petitioner and his family departed for Switzerland July 12, 1941, they intended that their stay there would be temporary and that they would return to New York City after their visit to Switzerland was completed. Certainly, this intention seems to have persisted up to March 25, 1942, when petitioner filed an application with the Commissioner General of Immigration, Washignton, D. C., for an extension of permit to reenter the United States. This application contains, among other things, the following statements:

The applicant's reasons for leaving the United States were: To return to my home and business (banking, Julius Baer & Co.) in Zurich.

The applicant's protracted stay in Switzerland was caused by: To attend to business (Member of the firm of Julius Baer & Company, bankers, Bahnhof Strasse 36, Zurich.)

That it is the applicant's intention to return to the United States for a further residence as soon as possible and requests that his permit to reenter No. 1351007 be extended for 6 (six) months and returned to him at the following address: Mr. Walter Julius Baer, Berg Strasse 54, Zurich, Switzerland.

We do not think the facts in the instant case are any stronger for petitioner than (if indeed they are as strong as) they were for the taxpayer in *L. E. L. Thomas*, 33 B. T. A. 725, in which we held against the taxpayer's contention that he had changed his status from that of a "resident alien" to that of a "nonresident alien." In the course of our opinion, among other things, we said:

In order to avail himself of the provisions of the immigration laws and obtain an easy reentry into the United States the petitioner held himself out to the immigration authorities as one who had been admitted to the United States for permanent residence and represented that in going abroad he was not abandoning the residence and domicile established here, but was going abroad temporarily and would return just as early as his business engagement, the duration of which was fairly definitely fixed, would permit. Having thus held himself out and satisfied the immigration officials that his absence was to be only temporary and thereby having obtained the benefits of his action, we think he is to be bound by it. Little weight is to be given statements that he now makes to the effect that his intentions then were contrary to what his acts purported them to be.

We express no opinion as to years subsequent to 1941, but as to that year we think the facts wholly fail to show that petitioner intended to change his residence theretofore established in New York City back to Zurich, Switzerland. If for years subsequent to 1941 petitioner desires to contend that the facts show that he abandoned his residence in the United States after the year 1941, he is not precluded from doing so by this opinion. We are deciding here the issue only as it affects the year 1941. We are not attempting to decide petitioner's status in any subsequent year.

The facts in the instant case are distinguishable from those present in *John Ernest Goldring*, 36 B. T. A. 779. In that case we held that the taxpayer was a resident alien of the United States during the period January 1 to May 24, 1933, and was a nonresident alien during the balance of the year. In holding in that case that the taxpayer was a nonresident alien from May 25, 1933, to the end of the year, we said:

* * * For the remainder of the year we are satisfied that the petitioner was not a resident of the United States. The evidence is that on May 24, 1933, he and his second wife packed up their possessions and departed from the United States with the definite intention of taking up residence in Canada and that they carried out that intention. * * *

The evidence in the instant case falls far short of establishing an intention to change residence. The evidence shows a departure from the United States in 1941 all right, but it does not show that petitioner and his family "packed up their possessions and departed with no intention of returning," as in the *Goldring* case.

Petitioner in his brief cites no case which supports his contention. The burden of his argument may be summed up in the following quotation from his brief:

* * * It is petitioner's contention that he should be taxed as a resident only for the portion of the year that he was actually in the United States, and that to tax petitioner as a resident for the entire year 1941 would unduly stretch the doctrine of constructive residence and produce an unjust result.

If it be an unjust result to tax petitioner under the facts of this case for his share of the partnership income of Julius Baer & Co., which earned its income wholly without the United States, then the remedy would have to rest with the Congress. Our function is to interpret the laws as Congress has written them, and in the discharge of this function in the instant case we find the law and the facts support the Commissioner. We, therefore, sustain his determination.

*Decision will be entered for the respondent.*