RICHARD H. LOVALD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26582. Promulgated April 26, 1951.

*F. Trowbridge vom Baur, Esq.*, and *Ralph E. Becker, Esq.*, for the petitioner.

*James C. Maddox, Esq.*, for the respondent.

OPINION.

DISNEY, *Judge:* Though the record here contains evidence of employment of the petitioner by The Institute of Inter-American Affairs from September 1942, income as salary received from that organization is not here involved. Since it is an agency of the United States, within section 116 (a) (1) of the Internal Revenue Code, salary received from it is not exempt, and though during the taxable year 1946 petitioner because of "terminal" pay received income from the Institute until March 1, 1946, it is not claimed as exempt. Only salary received during 1946 and 1947 from UNRRA, an international organization not an agency of the United States, is herein involved. The evidence as to employment by the Institute was obviously adduced only to prove bona fide residence in a foreign country extending, as to Honduras, until March 1, 1946, when the petitioner arrived in China. Thus, it is sought (as to 1946) to satisfy not only the provisions of section 116 (a) (1) that foreign residence must be for the entire taxable year, but (as to 1947) the provisions of section 116 (a) (2)[1] providing for exemption of income earned in the year when residence is changed back to the United States, if the party has been

---

[1] SEC. 116. EXCLUSIONS FROM GROSS INCOME.

\* \* \* the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(a) EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—

(1) FOREIGN RESIDENT FOR ENTIRE TAXABLE YEAR.—In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts constitute earned income as defined in paragraph (3) ; \* \* \*.

(2) TAXABLE YEAR OF CHANGE OF RESIDENCE TO UNITED STATES.—In the case of an individual citizen of the United States who has been a bona fide resident of a foreign country or countries for a period of at least two years before the date on which he changes his residence from such country to the United States, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof), which are attributable to that part of such period of foreign residence before such date, if such amounts constitute earned income as defined in paragraph (3) ; \* \* \*.

\*   \*   \*   \*   \*   \*   \*

a bona fide resident of a foreign country or countries for at least two years before that date. The respondent contends that the petitioner was not a resident of a foreign country or countries, but if such resident, he was not such for the full year, either as to 1946 or 1947, because he was not a resident of Honduras after leaving there in 1945, therefore was, as to 1946 a resident of China, if at all, only after about March 1, 1946, and because, as to 1947, he left China before the end of the year, and, not having been at the date of his departure a foreign resident for two years, can not get the exemption because of a part-year foreign residence.

It is necessary, therefore, to consider the problem as to each year separately.

As to 1946: In order to secure exemption, petitioner must establish a full year of foreign residence. He so attempts by contending that having since 1942 been resident in Honduras his residence there continued to March 1, 1946. Because he received, until that date, "terminal" pay from the Institute, petitioner says that until then he was "on vacation" from his work in Honduras, therefore comes within those cases which do not permit foreign residence to be interrupted by temporary vacation in the United States. The contention, under the facts here, is not sound. Assuming (but not finding, since the years 1942–1945 are not before us) that petitioner was a bona fide resident of Honduras, such residence terminated in September 1945. He testified that he had been instructed to return to Washington to prepare the "necessary reports of termination," that when he had finished such reports he did not intend to return to Honduras, because there was no employment there. Asked: "When the office was closed you were through with Honduras; is that correct?" he replied: "Yes, there was no other opportunity there." The office was closed in September 1945, and he returned immediately to Washington. His family returned to the United States. He did not return to Honduras. Before the end of the year he had not only accepted employment with UNRRA but was training for that work and from November 1945 was on that payroll. Those cases with reference to temporary vacations away from continued work in foreign service have no logical application. Terminal pay received until March 1, 1946, does not prove temporary vacation, but a mere contractual right. That the petitioner, prior to going to China and after returning from Honduras, considered going to Haiti or Afghanistan does not extend residence in Honduras. He had terminated any such residence, returned to the United States and settled his family in Albuquerque, New Mexico, his former home, and had not yet taken up residence or alleged residence in China. We conclude that, assuming residence in Honduras, it terminated about September 1945. He did not establish an alleged residence in China until about March 1, 1946. From this it follows,

and we hold, that, assuming residence in China, he was not such resident the entire year 1946, and was not a resident of Honduras during the earlier part of 1946, therefore is not entitled to exemption from taxation of his salary from UNRRA for that year.

The question of exemption for 1947 is next considered. An exemption statute is involved, as is shown by "exempt" in the first sentence of section 116. The petitioner must clearly bring his situation within it. He contends that he was a bona fide resident of China for the entire year. Respondent argues that even assuming residence it was not for the whole year, since petitioner, respondent says, left China about December 15, 1947, and arrived in San Francisco December 31, 1947. The petitioner, to this contention, though contending for foreign residence for all of 1947, in effect replies that under section 116 (a) (2) he need not establish such residence for the whole year, for if there was change of residence to the United States in December 1947, he had been a bona fide resident of foreign countries—China and Honduras—for two years before any alleged change back to the United States. We having concluded above that he was not a resident of Honduras after September 1945, it follows that petitioner was not, for two years before the date of alleged change of residence from China, a resident of a foreign country or countries, and that petitioner cannot prevail, as to 1947, on that ground. There remains, however, the question as to whether there was residence in China, bona fide and continuous throughout 1947. Again assuming such residence, on all of the facts, we think it is not shown to have covered the entire year. He arrived in San Francisco on December 31, 1947, and in Washington on January 1, 1948. The record does not show when he left China, except that it was after about three months in Shanghai, to which city he went sometime in September 1947. The evidence does not show whether his family left China with him. It does not show when they arrived in Honolulu, or when he arrived in Honolulu, or how long he stayed there. Asked whether he intended to return to China after completing his report in Washington, the petitioner replied that he "had no particular plan in China," at the time and had hoped to get employment in Afghanistan. His plans when he returned were to find other foreign employment if he could. When he arrived in China in 1946, his intent was "to remain there for the duration of the UNRRA assignment and if possible to find employment *elsewhere*" (emphasis added). It is apparent, we think from the record before us, that residence in China is not shown to have lasted throughout the year 1947. If anything, it tends to indicate termination of any such residence prior to the end of 1947, with intention on the part of the petitioner to seek some new field of activity, with Afghanistan in his mind. This leaves no reason to support the theory of residence in China after departure from that country. We, therefore, conclude and hold that

assuming a bona fide residence in China it is not shown to have been for the entire year 1947 and that as to that year the Commissioner did not err in denying exemption from taxation of petitioner's salary from sources without the United States.

Reviewed by the Court.·

*Decision will be entered for the respondent.*