Irving H. Bull, New York City (B. H. Bartholow, New York City, on the briefs), for plaintiffs.

Elizabeth B. Davis, Washington, D. C., Ellis N. Slack, Acting Asst. Atty. Gen. (Andrew D. Sharpe, Washington, D. C., was on the brief), for the defendant.

**WOOD et ux. v. UNITED STATES.**

No. 50101.

United States Court of Claims.

June 3, 1952.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Plaintiffs sue to recover taxes assessed against their income for the year 1947. We do not think they are entitled to recover. A few brief words to state why we are of this opinion.

In the first place, plaintiffs made their returns on a cash basis, instead of on an accrual basis. This means, of course, that we must view their status as of the time they received their income, instead of the

time it accrued to them; that is to say, instead of the time they earned it.

We are concerned with the income plaintiff Judson Wood received in 1947. What he received in this year was called a pension and severance pay, but, whatever it was called, it was in payment for services rendered. It was, therefore, to be included in his gross income, unless section 116(a) of the Internal Revenue Code, 26 U.S.C. 1946 Ed. § 116, provides for its exclusion. This section, quoted in the footnote below,[1] in subparagraph (1), excludes from a taxpayer's gross income amounts received from sources without the United States, if the taxpayer is a resident of a foreign country throughout the entire taxable year. This taxpayer was not a resident of a foreign country in the year in which he received the income under consideration, although he was in the years in which he earned it. But, since he made his return on the cash basis, instead of the accrual basis, the material fact is his status at the time he received the income, and not at the time he earned it.

Nor does subparagraph (2) of the section help him. This provides for exclusion from gross income of amounts attributable to his foreign service which were received in the taxable year in which he changed his residence from a foreign country to this country. This subparagraph clearly is applicable only to the year in which he changes his residence; it is not applicable to a subsequent year. Had the taxpayer made his tax returns on an accrual basis, this might have permitted him to exclude this income, but he made his returns on a cash basis, and the income in question was received, not in the year in which he changed his residence, but in the following year.

Plaintiff's income does not come within the exclusions of section 116(a) of the Internal Revenue Code, and no other reason has been advanced for excluding it from their gross income. If it is to be included, the taxes have been correctly assessed.

We are of opinion that plaintiff's income attributable to his foreign service should have been included in his gross income and, hence, plaintiffs' petition must be dismissed.

JONES, C. J., and HOWELL, MADDEN and LITTLETON, JJ., concur.

---

1. "(a) *Earned income from sources without the United States.*

"(1) *Foreign resident for entire taxable year.* In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts constitute earned income as defined in paragraph (3); * * *.

"(2) *Taxable year of change of residence to United States.* In the case of an individual citizen of the United States, who has been a bona fide resident of a foreign country or countries for a period of at least two years before the date on which he changes his residence from such country to the United States, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof), which are attributable to that part of such period of foreign residence before such date, if such amounts constitute earned income as defined in paragraph (3); * * *.

"(3) *Definition of earned income.* For the purposes of this subsection, 'earned income' means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered * * *."