Ivan M. Holt v. Commissioner.
Holt v. Commissioner
Docket No. 44186.
United States Tax Court
T.C. Memo 1954-178; 1954 Tax Ct. Memo LEXIS 66; 13 T.C.M. (CCH) 979; T.C.M. (RIA) 54284; October 19, 1954, Filed *66 Held: Petitioner was not a bona fide resident of a foreign country or countries for the entire taxable year 1950 or for a continuous period of two years prior to his return to the United States in December, 1950. Ivan M. Holt, pro se. Clayton J. Burrell, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in income tax of petitioner for the calendar year 1950 in the amount of $1,390.57. The primary question is whether petitioner was a bona fide resident of a foreign country or countries during the taxable *67 year. In his petition, petitioner also questions the constitutionality of section 1622 and related sections of the Internal Revenue Code of 1939 relating to the withholding of income tax at the source. On brief, he withdraws such question. Findings of Fact The petitioner is a citizen of the United States and a resident of Southern California. He is about 35 years of age and was unmarried until May, 1953. Petitioner's individual income tax return for the taxable year 1950 was filed with the collector of internal revenue for the district of Maryland at Baltimore. Petitioner served in the United States Navy for a period of three and one-half years during World War II, where he learned the trade of welding and became a welder, certified in aircraft work. Petitioner was honorably discharged from the Navy in the early part of 1946 and on September 20, 1946, entered into a contract of employment with the Pollock-Stockton Shipbuilding Company pursuant to which petitioner was to be employed as a welder in Guam and the Mariannas. In accordance with this contract, petitioner was sent to Guam, where he was employed for a period of about 13 months. On October 13, 1947, petitioner signed a *68 contract with the Brown-Pacific-Maxon Company under which he continued to work in Guam as a welder for that company. Each of those contracts provided that the period of petitioner's service shall be such as the employer may desire, it being understood that petitioner may be transferred from one job and or site of work to another within the western Pacific area, if desired by the employer; but the employer will not require petitioner to remain in the western Pacific area more than 12 months without his consent. Each of these contracts additionally provided that the position for which the petitioner was engaged was that of welder or Naval construction work at any of the islands or bases within the Pacific Ocean area. Each of these contracts further provided that board, lodging, laundry and medical services at the site of the work will be furnished by the employer at a charge of ninety cents per day, which shall be currently deducted from each weekly payment due the petitioner. In August, 1948, petitioner returned to the United States from Guam. Petitioner received a final termination check from the Brown-Pacific-Maxon Company in August, 1948, and his employment with that company was *69 considered terminated as of that date. Petitioner remained continuously in the United States until November 20, 1949. On November 18, 1949, petitioner entered into a contract with Holmes and Narver Company, pursuant to which petitioner was employed as a welder, and on approximately November 20, 1949, petitioner went to the Marshall Islands under this contract. This contract provided that the various sites of the construction work for which petitioner was engaged was under the supervision of military authority and that it was understood and agreed that the employee with whom the agreement was made should not establish residence at the project site for any purpose. Petitioner worked on Eniwetok atoll in the Marshall Islands for Holmes and Narver Company until about December 1, 1950, when he returned to the United States. Except for a three-month period commencing approximately March 25, 1951, when petitioner went to Alaska, petitioner has remained continuously in the continental United States since his return from the Marshall Islands in early December, 1950. We find as an ultimate conclusion of fact that petitioner was not a bona fide resident of Eniwetok atoll, Marshall Islands, *70 for the entire taxable year 1950, nor was petitioner a bona fide resident of a foreign country or countries for a continuous period of two years prior to his return to the United States in December, 1950. Opinion VAN FOSSAN, Judge: The question before us is whether petitioner was, during the entire taxable year 1950, a bona fide resident of a foreign country or countries within the scope and intendment of section 116(a) of the Internal Revenue Code of 1939.[1] Such question is essentially one of fact and our ultimate finding above is dispositive thereof. An extended discussion of the many factors leading us so to conclude is not deemed necessary. The criteria usually considered in resolving questions of this nature have heretofore been fully set out and thoroughly discussed in such cases as Burlin B. Hamer, et al., 22 T.C. 343 (May 17, 1954); C. Francis Weeks, 16 T.C. 248; Seeley v. Commissioner, 186 Fed. (2d) 541, affirming in part and reversing in part 14 T.C. 175; Arthur J. H. Johnson, 7 T.C. 1040; Michael Downs, 7 T.C. 1053. See also Senate Report No. 1631, 77th Cong., 2d Sess., page 116; Regs. 111, *71 sections 29.116-1 and 29.211-2. It is sufficient to say that, measured by such criteria, petitioner was but a sojourner on Eniwetok atoll. Moreover, were we to assume, arguendo, the establishment of a bona fide residence thereon, such residence did not continue throughout the entire taxable year as required by subsection (1) of section 116(a);supra. Richard H. Lovald, 16 T.C. 909. Leigh White, 22 T.C. - (June 17, 1954). Nor does petitioner qualify for the exemption sought under section 116(a)(2). Again assuming, arguendo, the existence of a bona fide residence abroad, such was not maintained for the requisite two year period immediately preceding his change of residence therefrom to the United States. Leigh White, supra; see also Regs. 111, section 29.251-4. Respondent's determination is, therefore, sustained. *72 Decision will be entered for the respondent. Footnotes
1. SEC. 116. EXCLUSIONS FROM GROSS INCOME. In addition to the items specified in section 22(b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter: (a) Earned Income from Sources Without the United States. - (1) Foreign Resident for Entire Taxable Year. - In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts constitute earned income as defined in paragraph (3); but such individuals shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection. (2) Taxable Year of Change of Residence to United States. - In the case of an individual citizen of the United States, who has been a bona fide resident of a foreign country or countries for a period of at least two years before the date on which he changes his residence from such country to the United States, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof), which are attributable to that part of such period of foreign residence before such date, if such amounts constitute earned income as defined in paragraph (3); but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.↩