ANNE LAUGHLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55624. Filed October 16, 1956.

*Sidney Pepper, Esq.*, for the petitioner.
*Rutheled B. Wolter, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency in income tax of $61.99 for 1948. The parties have filed a stipulation in which they have settled their differences for 1949, for which year the Commissioner also determined a deficiency, and have set forth the facts covering the only issue left for decision. That is whether earned

income from sources without the United States received by the petitioner during the calendar year 1948 is to be excluded from her taxable income under section 116 (a) (1) because she was "a bona fide resident of a foreign country or countries during the entire taxable year."

The petitioner is an unmarried social welfare worker and a citizen of the United States. She filed her income tax return for 1948 on a cash basis with the collector of internal revenue for the district of Kansas.

The petitioner had a desire, beginning in about 1943, to live abroad, but her means of doing so were limited by her economic circumstances and by government travel restrictions. She sold a home which she had, resigned a position which she had, and took another position which might lead to work abroad, all in 1943.

She accepted employment on January 13, 1945, with the United Nations Relief and Rehabilitation Administration (U. N. R. R. A.) as welfare liaison officer with post of duty in Washington, D. C. Her employment was of an indefinite type. She was transferred to London, England, on April 13, 1945, thence to Brussels, Belgium, on April 15, 1946, thence back to London on April 1, 1947, and thence to Addis Ababa, Ethiopia, on July 1, 1947, as chief of mission.

The petitioner became ill in Ethiopia and decided to return to the United States to obtain necessary medical treatment. She arranged with her employer to be transferred to Washington, D. C., as its chief of mission there, and arrived in Washington on December 21, 1947. A medical officer of U. N. R. R. A. recommended that the petitioner be hospitalized for diagnostic studies. The petitioner was granted sick leave from December 21, 1947, to January 4, 1948, and also for the 10 days January 16 through January 26, 1948, when she was a patient in a hospital in New York.

The petitioner's employment with U. N. R. R. A. was terminated as of January 31, 1948, in connection with a reduction in force. She was appointed on February 1, 1948, to work 10 days on a report of her activities in Ethiopia. U. N. R. R. A. discontinued operations at some time thereafter.

The petitioner, after several months of treatments and convalescence, felt strong enough to apply, in August 1948, to U. N. I. C. E. F. for an assignment as a mission chief in a foreign country. U. N. I. C. E. F., another United Nations organization, had taken over the U. N. R. R. A. child relief work as was contemplated. The petitioner was employed by U. N. I. C. E. F. and assigned to Sofia, Bulgaria. She left the United States for that post on October 15, 1948. She transferred back to New York on September 24, 1950, and left the service of U. N. I. C. E. F. on November 1, 1950.

The petitioner was paid $6,550.73 in 1948 by U. N. R. R. A., as follows:

| | |
|---|---|
| For services for the month of January 1948 | $779. 16 |
| For the preparation of a report | 311. 20 |
| In lieu of 30 days' notice | 779. 16 |
| As a bonus | 779. 16 |
| On account of annual leave | 1, 558. 32 |
| From the provident fund of her employer on separation | 2, 343. 73 |
| | $6, 550. 73 |

The petitioner was paid $1,293.52 in 1948 by U. N. I. C. E. F. for her services to it in that year.

The petitioner is making her claim for exclusion for some or all of the above income under section 116 (a) (1). She does not rely upon section 116 (a) (2) and, in effect, agrees with the Commissioner that she did not change her residence to the United States in 1948. Her point is that she did not make that change until 1950, whereas the Commissioner claims that she made the change in 1947. It is sufficient for present purposes that neither party recognizes such a change in 1948. Cf. *Herman Frederick Baehre*, 15 T. C. 236, 242; *Wood* v. *United States*, 122 Ct. Cl. 634, 104 F. Supp. 1020, 1022; *Estate of James W. Flanagan*, 18 T. C. 1241.

Section 116 (a) (1) excludes from gross income "In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States * * * if such amounts constitute earned income as defined in paragraph (3); * * *." The Commissioner contends that the petitioner was not a bona fide resident of a foreign country or countries during the entire taxable year 1948. He apparently recognizes that she was a bona fide resident of one foreign country or another for several years preceding her departure from Ethiopia in the latter part of 1947, and he has recognized that she was a bona fide resident of a foreign country or countries following her departure from the United States in the latter part of 1948. His point is that she was not a bona fide resident of any foreign country from the time she arrived in the United States on December 21, 1947, until she left the United States on October 15, 1948. The petitioner on the other hand, argues that she was a bona fide resident of a foreign country or countries during the entire period from April 13, 1945, when she left this country for duty abroad, until September 24, 1950, when she finally returned to this country.

A taxpayer, to meet the requirements of section 116 (a) (1) must be a bona fide resident of some foreign country or countries for the entire

taxable year. The petitioner was apparently a bona fide resident of Belgium at the beginning of 1947, and immediately after she ceased to be a bona fide resident of Belgium she became a bona fide resident of England, and immediately after she ceased to be a bona fide resident of England she became, on July 1, 1947, a bona fide resident of Ethiopia. However, she left Ethiopia in the latter part of 1947 and returned to the United States where she arrived on December 21, 1947. She had no foreign assignment on December 21, 1947. Such assignment as she then had was in the United States. The record not only does not indicate that she had any understanding with or assurance from her employer or from anyone else in regard to future employment outside the United States, but on the contrary, the stipulated facts strongly indicate that she had no such understanding or assurance when she returned to the United States in the latter part of 1947. She was ill at that time and had returned to the United States for needed medical care which she felt was unobtainable at her former residence in Ethiopia. There is no indication that the petitioner had any intention of returning to Ethiopia when she recovered from her illness but the indications are that she had no such intention and probably was aware of the fact that U. N. R. R. A. was about to discontinue its activities and her further service abroad would depend upon whether or not she could obtain employment with some different employer which would again take her out of this country to some place then unknown to her. This record requires the conclusion that during a part of the taxable year 1948 the petitioner was not a bona fide resident of any foreign country and did not become a resident of any foreign country as long thereafter as she remained in the United States during that year. Thus, she does not meet the requirement that she be a bona fide resident of a foreign country or countries for the entire taxable year. *Robert W. Seeley*, 14 T. C. 175, 181, 182, affirmed this issue (C. A. 2) 186 F. 2d 541.

This case is distinguishable from others cited in which an American citizen had some indefinite employment in some foreign country and, with assurance of retaining that same employment, temporarily visited the United States with the intention of going away again to continue that indefinite employment abroad. Cf. *Leonard Larsen*, 23 T. C. 599. It appears from the stipulated facts that her employment by U. N. R. R. A. terminated completely and finally, all amounts owed her by U. N. R. R. A. were paid to her, and thereafter, for a number of months during 1948, she was unemployed and had no pending application for any future employment. Of what foreign country was she then a bona fide resident? Obviously, of none. Any desire she may have retained during that period to leave this country would not be sufficient to make her a bona fide resident of any foreign country.

*Decision will be entered under Rule 50.*