DONALD J. BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 29472-81.
United States Tax Court
T.C. Memo 1984-120; 1984 Tax Ct. Memo LEXIS 552; 47 T.C.M. (CCH) 1255; T.C.M. (RIA) 84120; March 12, 1984. Donald J. Brown, pro se. Katherine S. Weed, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined a deficiency of $7,240.16 in the income tax due from petitioner in 1978 and a deficiency of $7,286.00 due in 1979. After concessions, and following issues remain for our decision: (1) whether petitioner may deduct $4,677.23 in 1978 and $3,515.77 in 1979 for a home-office; (2) whether petitioner may deduct $1,070.76 in 1978 and $704.30 in 1979 as telephone business expenses; (3) whether petitioner may deduct $1,575.40 in 1978 and $3,475.00 in 1979 as automobile business expenses; (4) whether petitioner may deduct $1,238.66 in *554 1978 and $1,145.10 in 1979 as insurance business expenses; (5) whether petitioner may deduct $273.75 in 1978 and $616.00 in 1979 for meals he purchased at his place of employment; (6) whether petitioner may claim with respect to his Pasadena house $9,004.93 for depreciation and $395.86 for utilities in 1979, and $300.00 for residential energy credit in 1978; (7) whether petitioner may deduct in 1979 as business expenses $70.08 for bank charges, $27.00 as a contribution to a pension plan, and $307.00 for parking fees, and (8) whether petitioner may deduct $2,124.65 in 1978 and $2,303.81 in 1979 as business expenses for promotional entertainment and gifts. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference. Petitioner, Dr. Donald J. Brown, resided in Birmingham, Alabama, at the time the petition was filed in this case. Petitioner filed his income tax returns for 1978 and 1979 with the Internal Revenue Service Center in Holtsville, New York. Dr. Brown, a surgeon, entered medical practice in Atlantic City, New Jersey, in 1967. In 1973 he became involved *555 in an intra-hosptial judicial proceeding and as a result in January of 1974 his hospital privileges were not renewed. In an effort to reestablish himself, Dr. Brown moved to Pasadena, California, in 1974 where he established a surgical practice. Unfortunately, his former troubles did not dissipate and in October of 1975, he was sued in Atlantic City for malpractice. In July of 1977, Dr. Brown moved back to New Jersey to defend himself in this suit. (1) Home-Office
Upon his return to New Jersey, Dr. Brown did not reenter private practice. He was employed as a resident at the New Jersey College of Medicine and Dentistry and lived in an apartment in Belleville, New Jersey. On his 1978 and 1979 returns he deducted the apartment rent as a business expense. He also deducted the rent paid for an apartment in Denver, Colorado, where he lived during a part of 1979. (2) Telephone Expenses
Part of the deductions claimed for telephone expense is the cost of a business telephone which Dr. Brown maintained in Pasadena after returning to New Jersey. Respondent allowed this part of the deduction. He disallowed the balance of the deductions claimed for telephone expenses *556 in 1978 and 1979 because these expenses were associated with the Belleville apartment, the Denver apartment, and the apartment of Dr. Brown's parents. A portion of the telephone expenses were related to petitioner's defense of the malpractice suit. (3) Automobile Expenses
Petitioner deducted $1,575.40 in 1978 and $3,475.00 in 1979 as automobile business expenses. He presented no evidence concerning the business use of his automobile other than general references to an occasional trip made in connection with the malpractice suit. He also failed to establish any basis for allocating mileage between business use and personal use of the automobile. (4) Insurance Expense
Dr. Brown deducted $1,238.66 in 1978 and $1,145.10 in 1979 as business expense for insurance. The deductions represent amounts expended for automobile insurance, disability insurance (in the amount of $147.50 each year), and renter's insurance on his apartments. Dr. Brown had no medical malpractice insurance during the years in issue. Respondent disallowed the amounts claimed as insurance expense in both years. (5) Hospital Meals
Petitioner deducted $273.75 in 1978 and $616.00 *557 in 1979 for hospital meals purchased on days that he worked from very early in the morning until late in the evening. He offered no receipts for these meals, but merely estimated that their cost was about $1.50 per day. Respondent disallowed the deductions in both 1978 and 1979. (6) Depreciation, Utilities, and Residential Energy Credit
In 1976 petitioner purchased a house in Pasadena, California, for $129,500. He added a new tile roof in 1977, which increased his basis by $5,410. He rented the house during 1978, but it was vacant during 1979. For 1979 petitioner claimed with respect to the house a depreciation deduction of $9,004.93 and a utilities expense deduction of $395.86. He claimed a residential energy credit in the amount of $300.00 in 1978. Respondent denied the 1979 deductions as well as the 1978 energy credit. (7) Bank Charges, Pension Plan, and Parking Fees
In 1979, petitioner deducted as business expenses and the respondent disallowed $70.08 in bank charges, $27.00 as a contribution to a pension plan, and $307.00 in parking fees. At trial, Dr. Brown presented no explanation for or substantiation of these amounts. (8) Promotional *558 Entertainment and Gifts
In 1978 Dr. Brown deducted a total of $2,124.65 for promotional entertainment and gifts. In 1979 he claimed a similar deduction of $2,303.81. At the trial he produced in support of these deductions a 1978 invoice for $1,634.25 in Parker pens and a list of people to whom he gave the pens as business gifts. OPINION (1) Home-Office
Petitioner deducted rent which he paid on his residential apartments as a business expense in 1978 and 1979. Section 280A [1] provides that except as provided therein no deduction is allowable with respect to any dwelling unit used by the taxpayer as a residence. Section 280A(c)(1) provides: (c) Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use.-- (1) Certain Business Use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) [as] the principal place of business for any trade or business of the taxpayer, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or *559 business, or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. Petitioner has the burden of proving that he actually incurred the rent or some portion thereof as a business expense. Rule 142(a). [2] Petitioner, however, has failed to produce any evidence on the business use of his apartments other then his testimony that he "considered" a portion of his Belleville apartment to be office space. This general, unspecific and self-serving testimony is not sufficient to carry his burden on this issue and consequently the disallowance of the deduction is sustained. (2) Telephone Expenses
Dr. Brown deducted as business expenses all of the charges for the telephones in his *560 two apartments and in the apartment of his parents. Section 162(a) permits a deduction for all ordinary and necessary expenses incurred in the carrying on of a trade or business. The petitioner, however, bears the burden of proving that the claimed deductions were ordinary and necessary expenses incurred in connection with his trade or business. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). In this case Dr. Brown claims that he made a number of calls in connection with the malpractice suit, but he has failed to identify such calls or to provide the Court with any basis for allocating the charges between personal calls and business calls. Therefore, the disallowance of the deduction is sustained. (3) Automobile Expenses
Dr. Brown presented no evidence concerning the business use of his automobile. Again, petitioner has failed to satisfy his burden of proof and the respondent's disallowance of the deduction is sustained. (4) Insurance Expense
Dr. Brown deducted certain amounts in 1978 and 1979 as business expense for insurance. The amounts deducted include premiums for disability insurance, automobile insurance, and renter's *561 insurance. A physician cannot deduct as a business expense amounts paid for disability insurance. Blaess v. Commissioner,28 T.C. 710 (1957). [3] As pointed out above the petitioner has failed to establish that his automobile or his apartments were used for business. Consequently, the insurance on these items cannot be recognized as business expense. Therefore, the respondent's disallowance of the insurance deduction is sustained. (5) Hospital Meals
Under section 119, the value of meals furnished to an employee by his employer may be excluded from the employee's income if the meals are furnished on the business premises of the employer and for the convenience of the employer. Sec. 1.119-1(a)(1), Income Tax Regs. See Tougher v. Commissioner,51 T.C. 737, 743-744 (1969), affd. per curiam 441 F.2d 1148 (9th Cir. 1971), cert. denied 404 U.S. 856 (1971). [4]
The exclusion under section 119 is available where a fixed amount is charged whether or not the employee *562 accepts the meals. Sec. 1.119-1(a)(3)(ii). It is not available if the employee has a choice of paying for the meals or providing for meals in some other manner. Secs. 1.119-1(a)(3)(i) and 1.119-1(d), examples (4) and (8), Income Tax Regs.; Weinberg v. Commissioner,64 T.C. 771, 779 (1975). In the instant case petitioner has presented no evidence on this point; and therefore, under Rule 142, he has again failed to carry his burden of proof on this issue. (6) Depreciation, Utilities, and Residential Energy Credit
On his 1979 return, Dr. Brown claimed a depreciation deduction and a utilities expense deduction in connection with the Pasadena house. Petitioner rented the house in 1978, but finding this arrangement to be unsatisfactory, he did not rent the house in 1979. He argues that he is entitled to these deductions because he has hopes of having an office in the house at some point in the future. He presented no evidence of a business use of the house in 1979, nor did he present evidence of any attempt to rent or sell the house during that time. Section 167 allows a depreciation deduction for property used in a trade or business or property held *563 for the production of income. Petitioner has failed to prove that in 1979 he used the property in a trade or business or held the property for the production for income. Therefore, we must deny the depreciation deduction. Welch v. Helvering,supra.Rule 142(a). For the same reason, we must deny petitioner's deduction for the utility expense. In 1978, petitioner also claimed a residential energy credit of $300.00 for installment of insulation in the Pasadena house. Section 44C provides a residential energy credit of 15 percent of qualified energy expenditures, which do not exceed $2,000 with respect to any dwelling unit.The credit is available for expenditures for insulation or any other energy-conserving component installed during the taxable year in a dwelling unit used by the taxpayer as his principal residence. For purposes of section 44C, the determination of whether a dwelling unit is the taxpayer's principal residence shall be made under principles similar to those applicable to section 1034. Sec. 1.44C-3(e), Income Tax Regs.
While it appears that the Pasadena house was not the petitioner's principal residence in 1978, we need not consider that issue *564 in this case because the petitioner has failed to provide proof of the expenditure. At trial he offered no evidence of the cost or the date of any installment of insulation in the Pasadena house and, therefore, has failed to carry his burden of proof that the respondent was in error in disallowing the residential energy credit. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). (7) Bank Charges, Pension Plan, and Parking Fees
Dr. Brown deducted in 1979 as business expenses bank charges, a contribution to a pension plan, and parking fees. He, however, has presented no explanation or substantiation of these amounts and again has completely failed to satisfy his burden of proof on this issue. Welch v. Helvering,supra. Rule 142(a).
(8) Promotional Entertainment and Gifts
Dr. Brown deducted $2,124.65 in 1978 and $2,303.81 in 1979 for promotional entertainment and gifts. Such expenses must meet two tests in order to be deductible. First, sections 162 and 212 require that business expenses or expenses incurred in the production of income be ordinary and necessary. Secondly, section 274 requires that to be allowed such *565 expenses must be adequately substantiated and directly related or associated with the business or the production of income. A taxpayer claiming a deduction for a business gift is required to substantiate the gift with adequate records or sufficient evidence corroborating his own testimony as to (1) the cost of the gift; (2) the date and description of the gift; (3) the business purpose of the gift; and (4) the business relationship of the person receiving the gift. Sec. 1.274-5(b)(5), Income Tax Regs.
We find that the petitioner in this case has failed to establish that the amounts which he deducted for promotional gifts were ordinary and necessary expenses directly related to a business or the production of income. During the years in issue, Dr. Brown was not in private practice. He was a resident physician and there is no evidence in the record that his income was in any way dependent upon referrals from others or was affected in any way by the gifts. Petitioner has the burden of proving to what extent the gift items contributed to his income. Sutter v. Commissioner,21 T.C. 170 (1953). [5] This he has failed to do. *566 To reflect all of the foregoing as well as concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, during the years in issue, unless otherwise indicated.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. See also Andrews v. Commissioner,T.C. Memo. 1970-32↩.
4. See Edgar v. Commissioner,T.C. Memo. 1979-524↩.
5. See also Drew v. Commissioner,T.C. Memo. 1972-161. In Drew,↩ a physician in active private practice was denied an entertainment deduction. The physician could not show that any of the physicians he entertained actually sent him referrals.