MARVIN J. BLAESS AND MILDRED C. BLAESS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56361.    Filed June 25, 1957.

*Marvin J. Blaess, pro se.*
*Rutheled B. Wolter, Esq.,* for the respondent.

712

OPINION.

HARRON, *Judge:* The sole issue for decision is whether premiums on three disability insurance policies, paid by petitioner in 1951, in the total amount of $431.80, are deductible under the provisions of section 23 (a) (1) (A) or section 23 (a) (2), 1939 Code,[1] or are nondeductible personal expenses under the provisions of section 24 (a) (1).[2]

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions:
   (a) EXPENSES.—
      (1). TRADE OR BUSINESS EXPENSES.—
         (A). In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. * * *
         *         *         *         *         *         *         *
      (2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.
[2] SEC. 24. ITEMS NOT DEDUCTIBLE.
   (a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—
      (1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x);

Respondent determined that the premium payments are not deductible under section 23 (a) (2). Petitioner contends that the premium payments are deductible as ordinary and necessary expenses of carrying on a trade or business, within the meaning of section 23 (a) (1) (A), or as ordinary and necessary expenses paid or incurred for the conservation or maintenance of property held for the production of income, within the meaning of section 23 (a) (2). A question under each section is raised by the pleadings.

The allowance of deductions from gross income does not turn on general equitable considerations. It "depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed." *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435, 440; *Deputy* v. *Du Pont*, 308 U. S. 488, 493. "Deductions from an individual's taxable income are limited to those allowed by section 23. Their extent depends upon the legislative policy expressed in the fair and natural meaning of that section." *Lykes* v. *United States*, 343 U. S. 118. In construing statutory provisions under which deductions are sought, the meaning ordinarily attributable to the words in the statutory provisions is to be applied. *Deputy* v. *Du Pont*, *supra*.

Not only does section 23 specify with limitations the deductions from taxable income which are allowable, but also section 24 specifies the expenses for which no deduction shall be allowed, namely, personal, living, or family expenses.

Consideration is given first to petitioner's contention that the disability insurance premium expense is a business expense, deductible under section 23 (a) (1) (A).

Petitioner's "business" is the practice of medicine, and in the conduct of his medical practice he maintains an office for which he incurs ordinary and necessary expenses. The three insurance policies involved were not issued to provide reimbursement for professional overhead expenses in cases of prolonged disability of the insured. There are no provisions in any of the policies specifying that payments thereunder during disability are to defray or reimburse the holder for business overhead expenses of any kind, such as office expenses, rent, employees' salaries, and similar expenses actually incurred by the insured in the operation of his office. Rather, the policies provide indemnity for loss of life, limb, sight, and business time resulting from accidental bodily injuries and disability from sickness. Each policy provides indemnity of $200 per month during a period of disability. Such monthly indemnity has no specified relationship to business expenses of any sort. Petitioner would receive the monthly payments under each policy regardless of whether any business expenses were incurred during disability. He could close his office, as he might have to do under some circumstances, and have no business

expense, and continue to receive the stated monthly payments without any reduction in the amount, namely, $200 per month under each policy. The monthly indemnity under each policy is for the purpose of compensating the insured for loss of business time, i. e., for loss of earnings.

Section 23 (a) (1) (A) allows deduction of all ordinary and necessary expenses paid or incurred during the taxable year *"in carrying on any trade* or business * * *."  (Emphasis supplied.)  In order to come within the scope of section 23 (a) (1) (A), the expenditure must proximately result from the business conducted by the taxpayer, *Kornhauser* v. *United States*, 276 U. S. 145; and it must be ordinary as well as necessary in the carrying on of the trade or business.  *Welch* v. *Helvering*, 290 U. S. 111.  Giving the words in section 23 (a) (1) (A) their ordinary meaning, the premiums paid in the taxable year by petitioner do not satisfy the requirements of the statute.  The taking of the contracts of disability insurance did not proximately result from the operation of petitioner's business,[3] nor did the payment of the premiums which kept the policies alive.

The Commissioner, in a revenue ruling, Rev. Rul. 264, 1955-1 C. B. 11, has held that where a taxpayer purchases an insurance policy which, in accordance with its terms, would reimburse the taxpayer, to the extent specified in the policy, for certain business overhead expenses incurred by him during prolonged periods of disability due to injury or sickness, any premiums paid on such policy constitute business expenses and are deductible under the provisions of section 23 (a) of the 1939 Code.  Petitioner relies upon this ruling.  It is the only authority which he cites in support of his contention.  Without any doubt, that ruling does not apply here because it is based upon entirely different facts and it relates to a wholly different insurance contract than the disability insurance policies which petitioner acquired.

Petitioner argues, nevertheless, that he should be given the same allowance of deduction for the premiums which he paid because it is his intention to apply any indemnity payment which he may receive under his disability policies to pay his office expenses, in the event he becomes disabled and is thereby deprived of income from his medical practice.  We are obliged to reject this argument entirely.  Petitioner's present intent cannot be determinative of the question.  His mere declaration of his intent does not satisfy the requirements of section 23 (a) (1) (A).  Cf. *Anne Laughlin*, 27 T. C. 23, 26.  The premium

[3] This case is clearly distinguishable from those where a creditor pays premiums on policies of life insurance which are assigned to him by a debtor as security, and payments of premiums are made by the creditor with the hope of recovery of the full amount of the indebtedness.  See *Dominion National Bank*, 26 B. T. A. 421; and *Charleston National Bank*, 20 T. C. 253, affd. 213 F. 2d 45, where insurance premium payments were held to be deductible under section 23 (a) (1) (A).

payments here involved are deductible as business expense only if they come within the terms and conditions of section 23 (a) (1) (A); petitioner's present intentions are immaterial.

It is held that the disability insurance premiums paid by petitioner in 1951 are not ordinary and necessary business expenses paid during the taxable year in carrying on his business and, therefore, they are not deductible under section 23 (a) (1) (A).

In the alternative, petitioner contends that the insurance premium payments are nonbusiness expenses paid during 1951 for the conservation of property held for the production of income and, therefore, are deductible under section 23 (a) (2). Petitioner's argument is the same under this issue as above. That is to say, he asserts that he intends, if he becomes disabled, to use the monthly indemnity payments which he will receive to pay his office expenses and, thereby, to conserve and maintain his medical practice, which, he argues, is "property held for the production of income." By this reasoning, petitioner claims that the disability insurance premiums are expenses paid or incurred for the conservation or maintenance of property held for the production of income.

It is true that a medical practice is "property" for the purposes of the income tax statutes, cf. *Alfred Meurlin*, 25 T. C. 118, and it produces income. But in order to obtain deduction of the amount of the insurance premiums under section 23 (a) (2), petitioner must show that payment of such amount is reasonably or proximately related to the conservation of his medical practice. Cf. *Warren Leslie*, 6 T. C. 488, 494-495. Petitioner has not shown such proximate relationship. Furthermore, section 23 (a) (2) is applicable "to expenses on the basis of their *immediate purposes* rather than upon the basis of the remote contributions they might make to the conservation of a taxpayer's income-producing assets * * *." (Emphasis supplied.) *Lykes* v. *United States*, *supra*, p. 125. Petitioner's claim is based upon his present belief of what he might do in the future if he incurs and pays business expenses out of indemnity payments during a period of disability. Petitioner's argument is not acceptable under the construction stated in *Lykes* v. *United States*, *supra*. His payments of the disability insurance premiums in 1951 were not for the immediate purpose of conserving or maintaining property held for the production of income; and, of course, they were not for the immediate production or collection of income. That such expense in 1951 might at some future time serve to accomplish the purpose stated in section 23 (a) (2), if petitioner chose to use indemnity payments in such way, is too remote a contingency to satisfy the requirements of that statutory provision.

As has been noted above, the indemnity payments, under the terms of the disability insurance policies involved, are not for the payment

of expenses of maintaining or conserving petitioner's medical practice. Instead, they are to compensate for petitioner's loss of earnings, and to replace them, during a period of disability when petitioner would become unable to render the personal services through which he receives income. Under the disability insurance policies, petitioner is free to use any and all indemnity payments for any purpose, including his personal needs and those of his family. The payment of the disability insurance premiums in question is not the kind of expense to which section 23 (a) (2) by its plain language applies. The insurance premiums were paid in 1951 to keep the insurance policies in effect. That purpose is not akin to the clear intent of the statute. *United States* v. *Mellinger*, 228 F. 2d 688, 692; *Lykes* v. *United States*, *supra*.

Petitioner cites no authority in support of his claim for deduction of the disability insurance premiums under section 23 (a) (2), and we find none. It is held that the payments of the insurance premiums are not deductible under section 23 (a) (2).

We are not obliged to decide a related question, whether the insurance premium expenses are personal expenses which are nondeductible under section 24 (a) (1), in order to disallow the deduction under either section 23 (a) (1) (A) or section 23 (a) (2). Allowance of the deduction under either statutory provision depends upon whether either section makes clear provision for the deduction. *New Colonial Ice Co.* v. *Helvering*, *supra*; *McDonald* v. *Commissioner*, 323 U. S. 57. Our conclusion is that deduction of the insurance premium expense in question is not allowed by the clear provisions of either section 23 (a) (1) (A) or section 23 (a) (2).

Nevertheless, since the insurance premiums were paid to maintain insurance policies which provide monthly indemnity payments during disability to compensate the insured for loss of earnings, and since under the provisions of the policies the insured (petitioner) is free to use such indemnity payments for his living expenses, or personal expenses, or the expenses of his family, it is concluded that the premium expenses are personal expenses, deduction of which is prohibited by section 24 (a) (1).

*Decision will be entered for the respondent.*