J. Robert and Nicole C. Andrews v. Commissioner.
Andrews v. Commissioner
Docket No. 147-68.
United States Tax Court
T.C. Memo 1970-32; 1970 Tax Ct. Memo LEXIS 326; 29 T.C.M. (CCH) 93; T.C.M. (RIA) 70032; February 5, 1970, filed Gerald D. Babbitt, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1965 in the amount of $267.79. The only issue for decision is whether petitioners are entitled to deduct the amount of $724.40 *327 paid by petitioner J. Robert Andrews in 1965 as premiums on certain health and accident insurance policies. All of the facts have been stipulated and are found accordingly. Petitioners, J. Robert Andrews and Nicole C. Andrews, husband and wife who resided in Washington, D.C. at the time of 94 the filing of the petition in this case, filed a joint Federal income tax return for the calendar year 1965 with the district director of internal revenue at Baltimore, Maryland. J. Robert Andrews (hereinafter referred to as petitioner) was employed during the calendar year 1965 as a physician by the Georgetown University Hospital, Washington, D.C.
On November 6, 1941, petitioner entered into an insurance policy contract with the Massachusetts Indemnity Insurance Company, which provided for payment in the amount of $200 per month to be made to petitioner in the case of total disability resulting from accidental bodily injury or in the case of total disability resulting from sickness, commencing after the first 90 days of such total disability. This policy also provided for the payment of $100 per month for partial disability and $200 per month in case of injury or sickness requiring *328 hospitalization or continuous attendance by a registered nurse during a maximum period of 6 months. There were certain limitations on the length of time during which the payments would be made in case of partial disability. The policy is renewable to age 60. On May 9, 1952, petitioner entered into an insurance contract with the Commercial Insurance Company of Newark, New Jersey, which provided for payments of $100 per week for a maximum period of 260 weeks in the event of petitioner's total disability from accidental bodily injury or sickness; for payment of $5,000 in the event of death resulting from accidental bodily injury and for $100 per week for a period of 200 weeks for the loss of both hands, both feet or sight of both eyes or loss of one hand and one foot or either a hand or foot and one eye or loss of speech and hearing. There were provisions for payments of $100 per week for a period of 133 weeks for the loss of one limb or the sight of one eye under certain other specified circumstances. On July 1, 1960, petitioner entered into an insurance policy contract with the Continental Casualty Company which policy was a group policy issued through the American College of *329 Radiology. The policy provided for payments of $150 per week for a period not to exceed 260 weeks in the event of petitioner's total disability resulting from accidental bodily injury or sickness and for an additional payment of $75 per week if petitioner were confined to a hospital as a result of injury and sickness. This policy also provided for payments ranging from $1,250 for loss of thumb or index finger of either hand and up to $25,000 for loss of 60 percent of petitioner's vision as a result of accident. There were payments in between these two amounts provided for loss of hands, feet, speech, hearing and sight of one eye or loss of vision by sickness. On February 15, 1963, petitioner entered into an insurance policy with the Continental Casualty Company, the policy being a group policy issued through the American Medical Association. The policy provided for payments of $500 per month for any period of total disability and total loss of all business time exceeding 365 consecutive days as a result of accidental bodily injury or sickness. There were certain reductions provided where the disability occurred after the insured's 70th birthday and a further reduction after his 75th *330 birthday. None of the policies contained any restriction on the use to which payment resulting under the policies could be put by petitioner and in the event petitioner received any payments under the policy he desired. All four of these insurance policies were in force during the calendar year 1965. During the calendar year 1965 petitioner paid a total amount of $724.40 as premiums with respect to the four policies. On his Federal income tax return for 1965 petitioner deducted the amount of $724.40 under the category "Other Deductions" with the explanation of "Disability insurance." Petitioner did not claim the $724.40 or any other amount as medical expense deductions. On his Federal income tax return for the calendar year 1965 petitioner reported total adjusted gross income of $33,039.76. Respondent in his notice of deficiency disallowed the claimed deduction of $724.40 with the explanation that the amount did not constitute ordinary and necessary business expense and that the amount was not deductible under section 213, I.R.C. 1954, [1] as medical expense since it did not exceed 3 percent of petitioner's adjusted gross income. *331 95 Respondent takes the position that under our holding in Marvin J. Blaess, 28 T.C. 710 (1957), and his Rev. Rul. 55-331, 1955-1 C.B. 271, the amount paid by petitioner for disability insurance is not a deductible business expense. In Marvin J. Blaess, supra, we held that premiums paid by a practicing physician on disability insurance policies were not deductible as an ordinary and necessary business expense or as ordinary and necessary expenses for the production or collection of income or for the management, conservation, or maintenance of property held for the production of income. The facts in Marvin J. Blaess, supra, show that the insurance policies on which the premiums sought to be deducted were paid are in substance indistinguishable from the policies on which petitioner in the instant case paid the premiums he seeks to deduct. Therefore, in our view petitioner's claimed deduction is not allowable under our holding in Marvin J. Blaess, supra. Petitioner's argument is that the Marvin J. Blaess case is not applicable to his case since his practice of medicine is not a "trade or business" or "physical *332 property" to be protected "against natural or other hazards." Petitioner apparently does not contend that the premiums are deductibel under section 162 as business expenses or under section 212 as expenses for the production or collection of income or the management, conservation or maintenance of property held for the production of income. However, petitioner points to no other section of the Code under which a deduction for these premiums might be allowable. In Marvin J. Blaess, supra, we specifically held the practice of medicine to be a "trade or business" within the meaning of that term as used in the Internal Revenue laws. This holding is in accordance with our holdings in a number of cases that the practice of a profession is a "trade or business" within the meaning of section 162 and the comparable provisions of the Internal Revenue Code of 1939. See for example, J. Raymond Dyer 36 T.C. 456, 466 (1961), in which we referred to the taxpayer's business as being "that of a lawyer." Petitioner was a doctor employed by Georgetown University Hospital. If petitioner is considered to be an "employee" his "trade or business" might be considered to be *333 that of an "employee." It has long been recognized that a taxpayer may be in the trade or business of being an employee. [2] However, premiums paid on disability insurance for the personal protection of the insured are not deductible by an "employee" for the same reasons such premiums are not deductible by a physician engaged in a private practice. Respondent in his brief recognized that premiums on disability insurance are medical expenses. However, petitioner listed no medical expenses on his return and the amount of $724.40 paid by him as premiums on disability insurance policies is less than 3 percent of his reported adjusted gross income for 1965. Therefore, no portion of the $724.40 is deductible by petitioner as a medical expense *334 under section 213. Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩
2. Sec. 62 defining adjusted gross income in the case of an individual states that adjusted gross income means the gross income minus the deductions which are attributable to a trade or business carried on by the taxpayer "if such trade or business does not consist of the performance of services by the taxpayer as an employee." From this provision it is clear that under the revenue laws being an employee may be a taxpayer's "trade or business."↩