JAMES M. AND DENISE B. GREEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Green v. Commissioner
Docket No. 15903-88
United States Tax Court
T.C. Memo 1989-599; 1989 Tax Ct. Memo LEXIS 596; 58 T.C.M. (CCH) 606; T.C.M. (RIA) 89599; November 1, 1989; As corrected November 1, 1989 J. Lincoln Woodard, for the petitioners. [1]
David S. Kosterlitz, for the respondent. BUCKLEY
MEMORANDUM FINDINGS OF FACT AND OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to section 7443A of the Internal Revenue Code. [2]
Respondent determined deficiencies in petitioners' joint Federal income tax as well as additions to tax as follows: Additions to Tax -- Sections [3]
Year
Tax
6621(d)
6653(a)(1)
6653(a)(2)
6659
6661
1984
$ 4,517
-
$ 226 **
$    -    ***
1985
8,408 *
420 **
- ***
1986
7,145 *
359 **
1,837.20 ***
*601 The issues for decision [4] are (1) whether James M. Green's (hereafter "petitioner") acting activities constituted an activity engaged in for profit; (2) if so, whether petitioner properly deducted and substantiated his claimed expenses under sections 162 and 274; (3) whether petitioners are liable for additions to tax under section 6653(a)(1) and (a)(2) for 1984 and 1985, and under section 6653(a)(1)(A) and (a)(1)(B) for 1986; (4) whether petitioners are liable for additions to tax under section 6659 for 1986; and (5) whether petitioners *602 are liable for additions to tax under section 6661 for 1984, 1985, and 1986. In addition to requesting a redetermination of determined deficiencies for 1984, 1985, and 1986, petitioners requested that we find overpayments for 1982, 1983, 1984, and 1985 in the amounts of $ 5,899, $ 2,802, $ 2,075, and $ 1,911, respectively. However, we only have jurisdiction to determine overpayments, if any, in the taxable years before this Court, 1984 and 1985. Some of the facts are stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. When petitioners filed their petition, they resided at Beltsville, Maryland. Petitioner is employed by the Federal government at the Securities and Exchange Commission (SEC). However, "twenty-four hours a day," petitioner thinks about acting. Indeed, petitioner states that his profession is acting even though petitioner, as well as his wife, works full-time at the SEC. Petitioner did not immediately *603 break into acting. Petitioner began his acting career as a model. After receiving training at the Cappa Shell Modeling School, petitioner began to do print work, i.e., photographs. Petitioner has an impressive portfolio of print work. For example, he has graced advertisements for Jos. A. Bank, Middlebury College, Skyline Square, Industrial Bank of Washington, River Place, Martin Marietta, Army National Guard, and the American Red Cross, to name only a few. While a model, petitioner networked and developed contacts. The contacts which petitioner developed through networking eventually opened doors for him to the acting profession. In 1982 petitioner joined the Screen Actors Guild, a prerequisite for professional actors. The Screen Actors Guild does not offer carte blanche membership to aspiring actors. Instead, membership in the Screen Actors Guild requires satisfaction of certain requirements: performance of a major work and potential future success. In this case, petitioner satisfied the Guild's requirements and was permitted to join. Petitioner performed in a major work, a national commercial, and obviously has future potential success. As a member of the Screen Actors *604 Guild, petitioner receives health benefits as long as income quotas are met. The income quota, currently $ 2,800, is low since most of this country's actors make no more than approximately $ 2,000 per year from acting. For an actor monetary success is usually elusive. Petitioner pursues acting for profit, however elusive. Petitioner hopes for jobs making major commercials which will provide enough income so that he can become a full-time actor. Petitioner has already done commercials for River Side, a news group in Baltimore, and a Navy spot on drugs, to name a few examples from his sample videotape. Outside of his 40 hour-a-week job, acting consumes petitioner's life. His log books for 1984, 1985, and 1986 are replete with notations for auditions, prospecting for jobs, and networking. On many occasions, petitioner's wife, Mrs. Green, had to find another way home from work because petitioner used the car in the evenings for auditions and jobs. Petitioner and Mrs. Green spend Saturdays going on auditions. When petitioner watches television or videos, he constantly critiques the actors and the scenes. The Greens live in an apartment with five rooms: living room, dining *605 room, kitchen, one and one-half bath, and two bedrooms. During the taxable years in issue, petitioners and their child slept in the larger bedroom because the smaller bedroom was used by petitioner for his office. Petitioner used the smaller bedroom exclusively for his acting activities, not for personal use. In his office petitioner had a desk, chairs, literature, and amplifiers. He conducted meetings, met with other actors, did voice-overs, and dubbed tapes. Pursuant to tax advice, petitioner took 30.5 percent to 40 percent of his rent and utilities as home office expenses for the taxable years in issue. It is unclear from the record the total amount petitioner received in each year from acting. For the 1984, 1985, and 1986 taxable years, petitioner did not include his gross income from acting on his Schedule Cs for those respective years. As to the 1984 year, we are unable to establish whether petitioner had any income from acting because he did not offer his 1984 W-2s into evidence. As to the 1985 and 1986 years, petitioner's W-2s indicate that he received income in the amounts of $ 1,947.63 and $ 4,819.59, respectively, from acting. For 1984, in connection with his *606 acting, petitioner claimed expenses totaling $ 14,035 which respondent disallowed in full. Similarly, for 1985 petitioner claimed expenses totaling $ 9,975 which respondent disallowed in full. In 1986, as well, petitioner claimed expenses totaling $ 5,957 which respondent disallowed in full. For purposes of clarity, we first decide whether petitioner's acting activities constituted an activity engaged in for profit and if so, whether petitioner's claimed expenses were properly deducted and substantiated. In order to deduct expenses associated with petitioner's acting, petitioner must prove that the activity was an activity engaged in for profit. Welch v. Helvering, 290 U.S. 111, 115 (1933); Rule 142(a). Section 183(a) generally provides that if an individual engages in an activity, and "if such activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section." Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) or section *607 212." Therefore, if a taxpayer engages in an activity for profit, he or she may deduct all ordinary and necessary expenses. The Code provides that a taxpayer may deduct expenses pursuant to section 162 if he or she carries on a trade or business and pursuant to section 212(1) or (2) if he or she incurs expenses (1) for the production of income or (2) for the management, conservation, or maintenance of property held for the production of income. On the other hand, section 183(a) of the Code provides that a taxpayer may deduct expenses incurred from activities not engaged in for profit, but only to the limited extent set forth in section 183(b). Sec. 1.183-2(a), Income Tax Regs.
We have delineated the standard for determining whether a taxpayer engages in an activity for profit. In determining whether an activity is engaged in for profit, petitioner must show that he engaged in the activity with an actual and honest objective of making a profit. Surloff v. Commissioner, 81 T.C. 210, 233 (1983); Dreicer v. Commissioner, 78 T.C. 642, 644-645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Petitioner has the burden of proof *608 to show that he had the requisite objective and that respondent's determination that the activity was not engaged in for profit is incorrect. Welch v. Helvering, supra; Rule 142(a). Determination of whether petitioner had an actual and honest objective of making a profit requires an examination of all the surrounding facts and circumstances of the case. Sec. 1.183-2(b), Income Tax Regs.; Golanty v. Commissioner, 72 T.C. 411 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). We give greater weight to the objective facts than to petitioner's mere statement of intent. Sec. 1.183-2(a), Income Tax Regs.; Dreicer v. Commissioner, supra at 645. The regulations suggest relevant factors to determine whether an activity is not engaged in for profit. No one factor is controlling. Sec. 1.183-2(b), Income Tax Regs.; Abramson v. Commissioner, 86 T.C. 360, 371 (1986); Golanty v. Commissioner, supra at 426. Relevant factors include (1) the manner in which the taxpayer carries on an activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort *609 expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved. After examining the surrounding circumstances and facts of this case in light of the above delineated factors, we find that petitioner was engaged in acting for profit because he has shown an actual and honest objective to make a profit. The absence of any actual profits during the taxable years in issue is relevant but not dispositive. Other relevant factors, on the other hand, illustrate that petitioner did have the requisite actual and honest objective to make a profit. Petitioner proved that he is a professional actor. He belongs to the Screen Actors Guild which requires fulfilling certain requirements. He also belongs to the American Federation of Television and Radio Artists (AFTRA). Petitioner networks *610 and develops contacts which further his acting career. Petitioner advertises and receives jobs on the basis of his advertising. Petitioner spends arduous hours auditioning, sometimes accompanied by his wife. Petitioner continually hones and refines his skills. Petitioner enjoys acting, otherwise he would not devote so much time to its pursuit. We note that "a business will not be turned into a hobby merely because the owner finds it pleasurable; suffering has never been made a prerequisite to deductibility." Jackson v. Commissioner, 59 T.C. 312, 317 (1972). Based on the above relevant factors, we find that petitioner was engaged in acting for profit. Consequently, we must now determine whether petitioner properly deducted and substantiated his claimed expenses. We note that although petitioner thinks about acting 24 hours a day, this does not mean that petitioner can deduct every minute's expenses, despite contrary advice from his tax consultant. Home Office Expenses. The Greens live in a five-room apartment. Petitioner used the smaller bedroom as his office for his acting. He used this room exclusively for his acting activities. Petitioner claimed *611 home office expenses and various other expenses in connection with his office as follows: 1984
1985
1986
Rent
$ 1,662
-0-
$ 966
Insurance
-0-
$ 680
-0-
Office expenses
25
150
100
Repairs
-0-
50
53
Utilities and telephone
857
425
172
In general, section 280A(a) does not allow deductions with respect to the use of a taxpayer's personal residence during the year. However, section 280A(c) provides an exception to this general rule. In order to deduct home office expenses, petitioner must prove that he satisfied the statutory requirements of section 280A(c). Welch v. Helvering, supra; Rule 142(a). In pertinent part, section 280A(c) provides: (c) Exceptions For Certain Business or Rental Use; Limitation on Deductions for Such Use. -- (1) Certain Business Use. -- Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis --
(A) [as] the principal place of business for any trade or business of the taxpayer. In order to be entitled to any deduction for a home office, petitioner must first meet the preliminary requirement *612 of section 280A that the office be utilized in connection with a trade or business. Petitioner's acting activities did rise to the level of a trade or business. Although petitioner was employed fulltime, he devoted the vast majority of his spare time to acting pursuits. As we have held, petitioner has an actual and honest profit objective and was in the trade or business of being an actor. As such, he is entitled to deductions under section 162. Petitioner proved that a portion of his apartment was used exclusively on a regular basis with respect to his acting activity. Goldberger, Inc. v. Commissioner, 88 T.C. 1532, 1537 (1987). However, petitioner is not entitled to deduct 30.5 percent to 40 percent of his home office expenses because he only used one-fifth of his apartment as an office. Thus, petitioner may deduct one-fifth of his rent, utilities and insurance, office expenses and repairs as home office business expenses, subject to the limitations of 280A(c) (5) and subject to meeting substantiation requirements. Section 280A(c)(5) provided in pertinent part: (5) Limitation on Deductions. -- In the case of a use described in paragraph (1) ***, the deductions *613 allowed under this chapter for the taxable year by reason of being attributed to such use shall not exceed the excess of -- (A) the gross income derived from such use for the taxable year, over (B) the deductions allocable to such use which are allowable under this chapter for the taxable year whether or not such unit (or portion thereof) was so used. Section 280A(c)(5) limits deductions of expenses allocable to the business use of a home office to the gross income derived from such business reduced by the deductions allowable without regard to such business use. Scott v. Commissioner, 84 T.C. 683, 692 (1985). [5] Thus, petitioner is not entitled to any home office expense deductions for 1984 because he has not proven that he received any income from acting during 1984. As to 1985 and 1986, petitioner's home office deductions are limited to the lower or the amount substantiated on $ 1,947.63 and $ 4,819.59, respectively. [6]
*614 We now determine whether petitioner properly substantiated these expenses. As to 1984, petitioner is not entitled to deduct any home office expenses so we need not determine whether he properly substantiated his 1984 home office expenses. As to 1985, petitioner claimed utility expenses in the amount of $ 425 while substantiating utilities in the amount of $ 748.65 and telephone in the amount of $ 796.76. We deal with telephone expenses under section 162, not under section 280A. Petitioner substantiated total telephone expenses of $ 796.76. However, petitioner has not met his burden of proof under section 162 because he did not break down his telephone expenses into personal and business calls. Petitioner merely stated that he used his telephone 90 percent of the time for business. This uncorroborated statement is not enough to justify a deduction for telephone expenses. Petitioner completely failed to provide any proof of rent costs for 1985, and accordingly is not entitled to deduct any amount in this regard. He may, however, deduct utilities totaling one-fifth of $ 748.65. As to 1986, petitioner claimed rental expense in the amount of $ 966, and substantiated by cancelled *615 checks rental expenses totaling $ 5,340. Thus, petitioner is entitled to deduct one-fifth of $ 5,340 or $ 1,068. Petitioner claimed utilities in the amount of $ 819.76, and may deduct one-fifth of this amount. Petitioner failed to substantiate which portion of his 1986 telephone expenses of $ 873.73 were business related and accordingly, he may not deduct any portion of them. Sec. 162. Petitioner claimed repair expenses in the amounts of $ 50 and $ 53 for 1985 and 1986, respectively. Petitioner did not offer any substantiation or evidence whatsoever as to these claimed repair expenses. Consequently, petitioner failed to meet his burden of proof and respondent's disallowance is upheld in this respect. Petitioner claimed office expenses in the amounts of $ 25, $ 150, and $ 100 for 1984, 1985, and 1986, respectively. Petitioner did not offer any evidence about these claimed expenses except for his own uncorroborated testimony. We uphold respondent's disallowance in this respect. Petitioner claimed insurance expenses in the amount of $ 680 for 1985. Petitioner substantiated insurance expenses for life insurance and homeowner's insurance totaling $ 1,090.28. Petitioner *616 did not clearly indicate which checks were payment for life insurance or for homeowner's insurance. Some checks were marked with policy numbers and only one check was marked homeowner's insurance in the amount of $ 42.11. If insurance expenses are directly related to business overhead, then the insurance expenses constitute deductible business expenses under section 162. Blaess v. Commissioner, 28 T.C. 710, 714-715 (1957). Since petitioner has a home office, homeowner's insurance premiums constitute a business overhead expense designed to reimburse petitioner for damage to or theft from his office. Thus, petitioner is entitled to deduct homeowner's insurance premiums totaling one-fifth of $ 42.11 for 1985. Since life insurance is not directly related to petitioner's business overhead, petitioner is not entitled to deduct life insurance premiums. Supplies. Petitioner claimed supply expenses in the amounts of $ 50, $ 75, and $ 317 for 1984, 1985, and 1986, respectively. Petitioner purchased supplies such as make-up and hair care products for his acting. Petitioner referred us to his log book or his receipts for substantiation without any specific references *617 or direction whatsoever. Throughout the three taxable years in issue, petitioner casually notes in his log book that he purchased various make-up, skin care, and hair care items. These notations do not indicate whether or not the purchases were for personal or business use and we are not in the position to choose one or the other. Further, they appear, in any event, to be personal in nature. See sec. 262. We uphold respondent's disallowance in this respect. Advertising. Petitioner claimed advertising expenses in the amounts of $ 787, $ 582, and $ 901 for 1984, 1985, and 1986, respectively. Petitioner advertised in the AFTRA/SAG Talent Directory, Taylor Royall Casting, and Chris Barry Talent Consultants. In connection with this advertising, petitioner purchased head sheets. Further, petitioner advertised through his print portfolio and his sample videotape. Ordinary and necessary expenses under section 162(a) include advertising and other selling expenses. Sec. 1.162-1(a), Income Tax Regs. Petitioner carried on a trade or business and claimed advertising expenses in connection with his trade or business. Consequently, petitioner is entitled to deduct advertising expenses *618 to the extent that he can substantiate expenses. As to 1984, petitioner did not offer any substantiation, thus respondent's disallowance as to 1984 advertising expenses is upheld. On the other hand, petitioner substantiated advertising expenses in the amounts of $ 402.87 and $ 877.35 for 1985 and 1986, respectively, and is entitled to deduct these amounts for each respective year. Bad debts. Petitioner claimed bad debts in the amounts of $ 103 and $ 40 for 1984 and 1986, respectively. Section 166 allows a deduction for any debt that becomes worthless within the taxable year. However, only a bona fide debt qualifies for purposes of section 166. "A bona fide debt is a debt which arises from a debtor-creditor relationship based upon a valid and enforceable obligation to pay a fixed or determinable sum of money." Sec. 1.166-1(c), Income Tax Regs. Petitioner did not prove the existence of bona fide debts for 1984 and 1986, thus no deduction is allowed under section 166. Gifts. Petitioner claimed business gifts in the amounts of $ 1,183 and $ 300 for 1984 and 1985, respectively. Section 274(b) limits deductions for gifts to $ 25 per donee. As a preliminary matter, the *619 gifts must have a connection with petitioner's business. In this case, petitioner attempted to substantiate his claimed business gift expenses with cancelled checks for dinner meals and bikes. We find that petitioner's claimed gifts were not in connection with his business. Instead, the claimed gifts were personal in nature and not deductible. Sec. 262. Charitable contributions. Petitioner claimed charitable expenses in the amount of $ 1,040 for 1984, but only substantiated $ 520 of the claimed amount. The $ 520 represented charitable contributions to several churches. Generally, section 162 permits a deduction for charitable contributions if trade or business benefits are received for the contributions. However, if any part of the charitable contribution is otherwise deductible under section 170, then no deduction for charitable contributions is allowed under section 162. Sec. 1.162-15(a), Income Tax Regs.
Section 170(a) allows a deduction for any charitable contribution defined in subsection (c) which is made within the taxable year. Section 170(c) defines a charitable contribution as a gift to a corporation, trust, community chest, fund or foundation under the jurisdiction *620 of the United States, organized and operated exclusively for religious purposes (and other purposes not herein relevant), without private inurement, and not disqualified for tax exemption. Petitioner substantiated only charitable contributions to several churches. These charitable contributions are otherwise deductible under section 170, thus, petitioner is not entitled to deduct them under section 162. However, petitioner may deduct $ 520 under section 170(a), subject to the 25-percent limitation in effect for 1984 under section 170(i). Commissions. Petitioner claimed commission expenses in the amount of $ 292 for 1986. While these expenses would be deductible, petitioner failed to offer any evidence whatsoever as to them. Thus, we uphold respondent's disallowance in this respect. Dues and Publications. Petitioner claimed dues and publication expenses in the amounts of $ 430, $ 420, and $ 213 for 1984, 1985, and 1986. In order to substantiate claimed publication expenses, petitioner offered receipts and cancelled checks for the Washington Post, Peoples Magazine, and other literature. Petitioner contends that he used the Washington Post classified section to search *621 for acting jobs and Peoples Magazine to keep abreast of current acting trends. Petitioner is not entitled to deduct expenses related to the Washington Post, Peoples Magazine, and other literature because these expenses are personal in nature. Sec. 262. On the other hand, petitioner properly substantiated claimed dues expenses. He offered receipts and cancelled checks for the Screen Actors Guild, the American Federation of Television and Radio Artists, and Central Casting. Petitioner is entitled to deductions for these claimed dues expenses in the amounts of $ 165.80, $ 172.13, and $ 149 for 1984, 1985, and 1986, respectively. Sec. 162; Haseltine v. Commissioner, T.C. Memo. 1979-325. Petitioner also offered a check for NAUP in the amount of $ 37.50 but did not state what this abbreviation represents. Thus, we are unable to determine whether NAUP is related to petitioner's acting activities. Laundry and Cleaning. Petitioner claimed laundry and cleaning expenses in the amounts of $ 400, $ 360, and $ 338 for 1984, 1985, and 1986, respectively. Petitioner substantiated laundry and cleaning expenses in the amounts of $ 106.81, $ 252.97, and $ 215.70 for 1984, *622 1985, and 1986, respectively. Petitioner contends that laundry and cleaning expenses are appropriate because clothes are an integral part of his acting business. It is well settled that clothing which is suitable for general or personal wear does not qualify as a business expense under section 162. Sec. 262; Kennedy v. Commissioner, 451 F.2d 1023 (3d Cir. 1971); Mortrud v. Commissioner, 44 T.C. 208 (1965); Yeomans v. Commissioner, 30 T.C. 757 (1958). A taxpayer is not entitled to deduct laundry and cleaning expenses if he or she wears clothing suitable for general or personal wear while on the job. On the other hand, deductions for expenses related to laundry, cleaning, and cost of clothing are permitted when an employer requires that specialized clothing be worn as a prerequisite for employment or if personal use of the clothing is de minimis. For example, a television actor was permitted deductions for clothes worn for filming which were kept at the studio, and which were used for de minimis personal reasons. Oswald "Ozzie" G. Nelson v. Commissioner, T.C. Memo. 1966-224. In this case, petitioner's clothing *623 was suitable for general and personal wear. Petitioner did not prove the need for specialized clothing or that the personal use of his clothing was de minimis. Thus, he is not entitled to deduct clothing and laundry expenses because these expenses are personal in nature. Sec. 262. Legal and Professional Services. Petitioner claimed expenses for tax advice in the amounts of $ 100 and $ 165 for 1984 and 1985, respectively. Section 212(3) permits a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in connection with the determination, collection, or refund of any tax. Thus, petitioner is entitled to deduct substantiated amounts under section 212(3). Petitioner only substantiated claimed expenses for tax advice in the amount of $ 165 for 1985 and is entitled to deduct this amount. Petitioner is not entitled to deduct the unsubstantiated amount for 1984. Car and Truck Expenses. Petitioner claimed car expenses in the amounts of $ 2,484, $ 1,080, and $ 1,538 for 1984, 1985, and 1986, respectively. Petitioner substantiated car expenses in the amounts of $ 1,820.82, $ 2,779.05, and $ 1,909.34 for 1984, 1985 and 1986, respectively. *624 In order to substantiate car expenses, petitioner offered receipts and cancelled checks for car wash, repairs, gas, parking tickets, motor vehicle registration, car insurance, monthly parking for his full-time job with the SEC, parts and labor, tune-ups and miscellaneous. Petitioners used their cars for personal as well as business purposes. However, petitioners did not maintain records allocating personal and business use of their cars. Petitioner contends that he used their cars primarily for his acting business. Consequently, petitioner argues that he may deduct all his related car expenses. Petitioner's own testimony, however, made it clear that the cars were used for commuting, a nondeductible expense. Section 162(a) allows deductions for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including operating expenses of automobiles used in the trade or business. Sec. 1.162-1(a), Income Tax Regs. A taxpayer is entitled to deduct local transportation expenses incurred in carrying on a trade or business. On the other hand, commuting expenses incurred in going from a taxpayer's residence to his or her place *625 of business and returning are nondeductible personal expenses. Fausner v. Commissioner, 413 U.S. 838 (1973); Barton v. Commissioner, 424 F.2d 1295 (7th Cir. 1970), affg. a Memorandum Opinion of this Court; Riscalla v. Commissioner, 337 F.2d 859 (5th Cir. 1964), affg. a Memorandum Opinion of this Court; Mitchell v. Commissioner, 42 T.C. 953 (1964). When a taxpayer uses a car for personal as well as for business purposes, he or she must allocate expenses between personal and business use. In the case at bar petitioner did not allocate expenses although he did incur local car expenses during the taxable years in issue. As to the 1984 year in issue, we refuse to exercise our prerogative to estimate such costs under Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), as petitioner has not provided us with any reasonable basis to make such an estimation. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Beginning with a taxable year after December 31, 1984, a taxpayer must provide certain information in order to claim deductions related to business use of a car. A taxpayer must *626 indicate mileage, including total, business, commuting and other personal mileage, percentage of business use, date placed in service, use of other vehicles, after-work use, whether the taxpayer has evidence supporting claimed business use, and whether or not the evidence is written. Sec. 1.274-5T(d)(2)(i), Temp. Income Tax Regs. Petitioner did not comply with section 1.274-5T(d)(2)(i), Temp. Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985) and accordingly, we do not allow such deductions for 1985. Beginning with the 1986 taxable year, section 274(d)(4) provides that no deduction is allowed for automobiles unless the taxpayer substantiates by adequate records or corroborative evidence (A) the amount of such expense, (B) the time and place of use, (C) the business purpose, and (D) the business relationship of the taxpayer to the persons using the automobile. For the taxable year 1986 petitioner adequately recorded expenses in his log book as follows: gas in the amount of $ 6.75, parking in the amount of $ 7.35, and tolls in the amount of $ 3. Thus, petitioner is entitled to deduct these car expenses. Except for these minimum car expenses, petitioner did not maintain *627 adequate records. Consequently, petitioner is not entitled to deduct any other car expenses for 1986. Depreciation. Petitioner claimed depreciation expenses on their cars in the amounts of $ 2,612 and $ 3,800 for 1984 and 1985, respectively. Petitioners proved the cost basis for their 1984 Volkswagon which they purchased on May 10, 1984. However, petitioner did not maintain adequate records as to the business use of their cars. Thus, we do not know which percentage of car use was personal or business, and we refuse to estimate without any reasonable basis. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Consequently, we uphold respondent's disallowance in this respect. Travel and Entertainment. Petitioner claimed travel and entertainment expenses in the amounts of $ 872, $ 1,023, and $ 1,010 for 1984, 1985, and 1986, respectively. For 1984, petitioner offered receipts and cancelled checks for gatherings and beer totaling $ 175.13. For 1985, petitioner offered receipts and cancelled checks for meals and video totaling $ 432.13. For 1986, petitioner offered receipts and cancelled checks for meals and a show totaling $ 73.49. Section 1.274-2(a)(1), *628 Income Tax Regs., permits a deduction for entertainment if the taxpayer establishes that the expenditure was directly related to the active conduct of the taxpayer's trade or business or in the case of an expenditure directly preceding or following a substantial and bona fide business discussion, that the expenditure was associated with the active conduct of the taxpayer's trade or business. Petitioner has failed to meet his burden of proof that the substantiated amounts were in any way related to his acting. We uphold respondent's disallowance in this respect. Other Schedule C Expenses. Petitioner claimed expenses for bank services in the amount of $ 100 and $ 52 for 1984 and 1985, respectively, freight in the amount of $ 17 for 1986, interest on business indebtedness in the amount of $ 668 for 1984, other interest in the amount of $ 813 for 1985, taxes in the amount of $ 544 for 1984, and miscellaneous in the amount of $ 118 for 1984. Petitioner did not offer any evidence as to why any of these claimed expenses were connected to his acting business, except that the 1984 interest on business indebtedness in the amount of $ 668 was auto interest on his car used in his business. *629 We find that petitioner did not meet his burden of proof. Consequently, as to such "other Schedule C expenses," respondent's disallowances are upheld. Additions to Tax. Section 6653(a)(1) imposes a 5 percent addition to tax on any underpayment of tax due to negligence or intentional disregard of rules and regulations. Additionally, section 6653(a)(2) provides for an addition to tax in an amount equal to 50 percent of the interest due on that portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. Section 6653(a)(1)(A) and (a)(1)(B) for the year 1986 contained the same provisions. Negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Clearly, petitioner relied upon the advice of his tax advisors in claiming certain deductions. As to some of the deductions claimed, petitioner was misadvised. However, reliance on tax advice does not necessarily insulate a taxpayer from the negligence addition. Perrett v. Commissioner, 74 T.C. 111, 134 (1980), affd. by *630 unpublished opinion 679 F.2d 900 (9th Cir. 1982). Petitioner should have known that many of the claimed deductions for his personal living expenses were not deductible. Thus, we find that petitioner is not excused from the imposition of the additions under section 6653(a)(1) and (2) and 6653(a)(1)(A) and (a)(1)(B). Respondent properly determined these additions on the full deficiencies. Section 6661(a) imposes an addition to tax of 25 percent of the amount of any underpayment of income tax attributable to a substantial understatement. See Pallottini v. Commissioner, 90 T.C. 498 (1988). A substantial understatement occurs where the amount of the understatement exceeds the greater of 10 percent of the correct tax liability or $ 5,000. Sec. 6661(b). In light of the resolution of the issues in this case and pending determination of the shelter issues, it is not clear whether either of these requirements will be satisfied. Upon making their Rule 155 computations, the parties will include the section 6661 addition to tax, if applicable. Section 6659 imposes an addition to tax on the amount of any underpayment of income tax attributable to a valuation *631 overstatement. We reserve our decision as to valuation overstatement until determination of the shelter issue. Decision will be entered under Rule 155 upon the determination of the shelter issue. Footnotes
1. The Court granted Mr. Woodard's motion to withdraw after the completion of the trial herein.↩
2. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable years in question unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. The correct statutory reference is sec. 6621(d) for interest accruing after December 31, 1984, and sec. 6621(c) for interest for periods after December 31, 1986. The correct statutory reference for additions to tax for negligence for the 1986 tax year are sections 6653(a)(1)(A) and 6653(a)(1)(B). Respondent concedes on brief that the additions to tax under sec. 6621 for 1985 and 1986 are not attributable to petitioner James M. Green's acting activities. * 120 percent of the interest due on the deficiency. ** 50 percent of the interest due on the deficiency. *** 25 percent of the underpayment attributable to the understatement.↩
4. We granted respondent's Motion to Sever Tax Shelter Issues and Continue in that the issues which stem from an investment in Gold Depository and Loan will be reserved for trial at a future date.↩
5. For taxable years beginning after 1986, sec. 280A(c)(5) imposes further limitations on deductibility of home office expenses. ↩
6. Since petitioners rent their apartment, there do not appear to be any deductions otherwise allowable with respect to the apartment, such as mortgage interest and real property taxes.↩