T.C. Summary Opinion 2005-85

UNITED STATES TAX COURT

CHARLES A. BROWN, JR. AND LINDA L. BROWN, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18198-03S.            Filed June 16, 2005.

Charles A. Brown, Jr., for petitioners.

Robert F. Saal, for respondent.

POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $3,075 in petitioners' 1998 Federal income tax and an addition to tax under section 6651(a)(1) of $769.25. After respondent's concession that petitioners are entitled to an education credit of $383, the issues are whether petitioners are (1) entitled to deduct certain Schedule C, Profit or Loss From Business, business expenses under section 162 relating to a part-time law practice of petitioner Charles A. Brown, Jr. (Mr. Brown); (2) entitled to deduct a greater amount of charitable contributions under section 170 than allowed by respondent; and (3) liable for the addition to tax under section 6651(a)(1) for failing to timely file their 1998 return.

At the time the petition was filed petitioners resided in Westfield, New Jersey.

## Background

Mr. Brown has been an attorney for 30 years. In 1998, he worked full-time for a company called Mecca and part-time with his own law practice. Petitioner Linda L. Brown (Mrs. Brown) operated a child day care services business. Each filed a Schedule C for the respective business, but only items concerning Mr. Brown's Schedule C are in dispute.

Mr. Brown's Schedule C for 1998 reflected the following:

| | |
|---|---|
| Gross Income | $1,800 |
| Less: | |
| Car and truck | 2,496 |
| Insurance (other than health) | 3,096 |
| Rent or lease | 6,002 |
| Utilities | 1,800 |

The insurance amount includes car, homeowner's, and life insurance expenses. The amounts claimed as a deduction under car and truck and rent or lease are for expenses for a leased 1997 Acura. The amount deducted under utilities relates to expenses from Mr. Brown's home office. Petitioners also deducted $7,375 in charitable contributions.

On April 15, 1999, petitioners timely requested an extension for the filing of their 1998 return. The filing date was extended to August 15, 1999. Petitioners' 1998 return was filed on January 25, 2001.

Upon examination, respondent disallowed the following amounts claimed as deductions on Mr. Brown's Schedule C:  $2,042 of the car and truck expenses; $2,377 of the insurance expenses; $4,530 of the rent or lease expenses; and the entire $1,800 of utilities expenses. Respondent also disallowed $1,600 of the claimed deduction for charitable contributions.

Respondent issued a notice of deficiency to petitioners for 1998 on August 13, 2003, determining an income tax deficiency of $3,075 and an addition to tax under section 6651 of $769.25 for failure to file a tax return or to pay a tax penalty.

## Discussion

### A.   Schedule C Expenses

Section 162 allows a deduction for all ordinary and necessary expenses incurred in carrying on a trade or business if the taxpayer maintains records or other proof sufficient to substantiate the expenses.[2]  Secs. 162(a), 6001; sec. 1.6001-1(a), Income Tax Regs.  Section 274(d), however, provides more stringent substantiation requirements for certain expenses and requires that the taxpayer "substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement" the time and place of the travel and the business purpose of the expense.  The deductions that fall within section 274(d) include expenses "with respect to any listed property (as defined in section 280F(d)(4))".  Sec. 274(d)(4).  "Listed property" includes passenger automobiles, any computer or peripheral equipment, and any cellular telephone (or other similar telecommunications equipment).  Sec. 280F(d)(4).

---

[2]   Sec. 7491(a), concerning burden of proof, is not applicable here because petitioners have not satisfied the substantiation requirements.  Sec. 7491(a)(2)(A).

1.  Passenger Automobile Expenses

To substantiate the adequate records requirement for a passenger automobile, "a taxpayer shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * * which, in combination, are sufficient to establish each element of an expenditure".  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).[3]  Based on a reconstructed log provided by Mr. Brown, respondent allowed a total of 7,562 business miles on a leased 1997 Acura, and accordingly allowed a deduction for a percentage of the vehicle's lease payment, insurance, and gasoline expenses.  Mr. Brown did not provide any additional account book, diary, log, statement of expense, trip sheets, or similar record for the remaining amounts of his vehicle expenses at trial.  Mr. Brown testified to these expenses with estimations.

We are generally permitted to approximate the amount of an expense if it is deductible but unsubstantiated, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The estimate, however, must have a reasonable evidentiary basis.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  No deduction for expenses under section 274(d), however, may be

---

[3]    Temporary regulations are entitled to the same weight as final regulations.  Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996).

allowed on the basis of an approximation or the unsupported testimony of the taxpayer.  See, e.g., <u>Murata v. Commissioner</u>, T.C. Memo. 1996-321; <u>Golden v. Commissioner</u>, T.C. Memo. 1993-602. Therefore, Mr. Brown's unsupported testimony as to estimations is not a basis on which we can allow a deduction for these automobile expenses.  Respondent's disallowance of the remaining amounts claimed for insurance, car and truck, and rent or lease expenses relating to the 1997 Acura is sustained.

2.  <u>Home Office</u>

Petitioners claimed a deduction of $1,800 for utilities for the portion of their home used as Mr. Brown's office for his law practice. Generally, no deductions are allowed with respect to the use of a dwelling unit which is used by the taxpayer as a residence.  Sec. 280A(a).  A taxpayer may be excepted from this general rule if the dwelling unit is exclusively used on a regular basis "as the principal place of business for any trade or business of the taxpayer".  Sec. 280A(c)(1)(A).  Respondent stipulated that Mr. Brown was "engaged in the practice of law in the year 1998".[4]

---

[4]     Respondent's allowance of even a portion of Mr. Brown's claimed business expenses was an act of considerable kindness. We question whether Mr. Brown was engaged in the trade or business of practicing law.  From the record and Mr. Brown's own testimony, it does not appear that he conducted his law practice with continuity or regularity, or with the primary purpose of making a profit.  Sec. 162; see <u>Commissioner v. Groetzinger</u>, 480 U.S. 23, 35 (1987); <u>Antonides v. Commissioner</u>, 893 F.2d 656, 659

(continued...)

We begin by noting that Mr. Brown admitted that he had no written records of these utilities expenses. He testified with estimations as to the expenses of local and long distance telephone service, a cellular telephone, computers, and an internet connection. The cellular telephone and the computers are subject to the more stringent substantiation requirements of section 274(d), and deduction of these expenses is not allowable based on testimony and estimations alone. See Murata v. Commissioner, supra; Golden v. Commissioner, supra. Mr. Brown testified that 25 percent of his home's local telephone service was used for his law practice. When any charge for basic local telephone service is based on the first telephone line provided to any residence of a taxpayer, it shall be treated as a personal expense and is not deductible. Sec. 262(b).

Mr. Brown further testified to the exclusive use of the home office for purposes of his law practice, but he presented no evidence establishing the frequency or regularity with which the home office was used, or the duties he performed there. Mr. Brown testified that "potential clients" would sometimes meet

---

[4](...continued)
(4th Cir. 1990), affg. 91 T.C. 686 (1988). Mr. Brown only had one income-producing client during the year at issue, and that was the business operated by his wife, Mrs. Brown. Given our finding and conclusion, infra p. 10, that petitioners did not substantiate the claimed amounts, we need not and do not address the issue further.

with him at his office, and sometimes he would travel elsewhere for meetings.  Expenses incurred for incidental or occasional trade or business use are not deductible even if the home office was used exclusively for such purpose.  See, e.g., <u>Cally v. Commissioner</u>, T.C. Memo. 1983-203; <u>Roth v. Commissioner</u>, T.C. Memo. 1981-699.  Petitioners have not established that the exception to section 280A(a) applies, and respondent's disallowance of the deduction for utility expenses claimed for the home office is sustained.[5]

Petitioners also included under insurance expenses a portion of their homeowner's insurance expense allocated to Mr. Brown's home office and life insurance for Mr. Brown.  If insurance expenses are directly related to business overhead, then they constitute deductible business expenses under section 162. <u>Blaess v. Commissioner</u>, 28 T.C. 710, 714-715 (1957); see also <u>Green v. Commissioner</u>, T.C. Memo. 1989-599.  The life insurance for Mr. Brown is not directly related to his law practice, and the amount representing the homeowner's insurance expense was not substantiated; therefore, respondent's disallowance of the claimed deduction for insurance expenses is sustained.

---

[5]    If the remaining amount of the utility expenses were properly substantiated and thus allowable, the deduction for those expenses would have been limited by sec. 280A(c)(5) not to exceed the excess of the gross income "derived from such use" of the home office in the trade or business, reduced by other expenses of the trade or business.

B.    Charitable Contributions

Petitioners claimed a total deduction of $7,375 in charitable contributions for the year at issue.  Section 170(a) provides a "deduction [for] any charitable contribution" made to a qualified donee under section 170(c).  Section 170(f) provides record keeping requirements for certain charitable contributions.  A deduction for any charitable contribution of $250 or more will be disallowed "unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment" prepared by the donee.  Sec. 170(f)(8)(A).  The written acknowledgment must include (1) the amount of cash contributed, (2) whether the donee organization provided any goods or services in consideration of the donation, and (3) a description and good faith estimate of the value of those goods or services.  Sec. 170(f)(8)(B).  A written acknowledgment is contemporaneous if the taxpayer obtains the statement on or before the earlier of (1) the date on which the taxpayer files a return for the taxable year in which the contribution was made, or (2) the due date (including extensions) for filing the return.  Sec. 170(f)(8)(C).

Of the total $7,375 deducted for charitable contributions, petitioners substantiated $4,775 with contemporaneous written acknowledgments prepared by the donees.[6]  Of the remaining

---

[6]    The written acknowledgments are from the Vehicle Donation Processing Center, Inc., and Friends of the Filipinos.

$2,600, respondent allowed another $1,000 based on Mr. Brown's explanation for reasonableness. Mr. Brown testified that the unsubstantiated $2,600 was merely an "estimate based on my experience" and did not introduce anything further regarding the remaining $1,600. We sustain respondent's disallowance of the deduction for the remaining, unsubstantiated charitable contributions.

C.   Addition to Tax Under Section 6651(a)(1)

Petitioners' 1998 return was due August 15, 1999, as extended, but it was not filed until January 25, 2001.[7] Section 6651(a) imposes an addition to tax for failing to file a timely income tax return, determined with regard to any extensions, unless such failure to file is due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1). The question whether failure to timely file is due to reasonable cause and not willful neglect is one of fact, and the taxpayer bears the burden of proof. See sec. 6651(a)(1); Rule 142(a); United States v. Boyle, 469 U.S. 241, 245 (1985). A taxpayer's failure to file is due to reasonable cause if he or she exercised ordinary business care and prudence and was nevertheless unable to file the return within the time prescribed by law. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

---

[7]   The parties have stipulated that the return was filed on this date; therefore respondent has met his burden of production under sec. 7491(c) regarding the addition to tax.

Petitioners assert that a car accident involving Mr. Brown in May of 1997 and his resulting surgery prevented the timely filing of their return. Incapacity on the part of a taxpayer due to physical illness can establish reasonable cause for failure to file timely returns. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also United States v. Boyle, supra at 248 n.6. Petitioners have not presented any documentation as to the car accident or Mr. Brown's surgery, or why these events prevented the timely filing of the return.[8] We sustain respondent's determination as to the section 6651(a)(1) addition to tax.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.

---

[8] Alternatively, Mr. Brown argued that the addition to tax was caused by respondent's failure to follow his instruction to apply his 1997 overpayment of tax to the next taxable year. We find no merit in this argument, as Mr. Brown acknowledged that he received a refund for 1997 and the record does not contain any evidence establishing the existence of the 1997 overpayment or his instruction to apply it to the next taxable year. Moreover, at no point do petitioners argue that the 1998 return was timely filed.